USDC SCAN INDEX SHEET










```
JAH    1/11/99    11:57
3:98-CR-02795   USA V. MARCELLUS
*20*
*CRJCAMD.*
```

# United States District Court
## Southern District of California

United States of America
v.

NICOLE LYNNE MARCELLUS
71972

Date of Original Judgment: DECEMBER 14, 1998
(or Date of Last Amended Judgment)

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

CASE NUMBER: 98CR2795-IEG

PATRICK HALL
Defendant's Attorney

| | | | |
|---|---|---|---|
| | Correction of Sentence on Remand (Fed.R.Crim.P.35(a)) | | Modification of Supervision Conditions (18 U.S.C.§(c) or 3583(e)) |
| | Reduction of Sentence for Changed Circumstances (Fed.R.Crim.P.35(b)) | | Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C.§ 3582(c)(1)) |
| | Correction of Sentence by Sentencing Court (Fed.R.Crim.P.) | | Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2)) |
| X | Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36) | | Direct Motion to District Court Pursuant to: |
| | | | 28 U.S.C. § 2255    18 U.S.C.§ 3559(c)(7) |
| | | | Modification of Restitution Order |

FILED
JAN 11 1999
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**THE DEFENDANT:**

- [X] pleaded guilty to count(s) 1 of the information
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [ ] found guilty on count(s) _____ after a plea of not guilty

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 656 | Misapplication of funds by a bank employee | | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s): _____
- [ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.
- [X] Pursuant to 18 USC 3013 an assessment is hereby levied in the amount of: $ 100.00
- [X] Fine Waived

IT IS FURTHER ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

JAN -7 1999

By _____ Deputy

January 5, 1999
DATE OF IMPOSITION OF SENTENCE

_Irma E. Gonzalez_
IRMA E. GONZALEZ
UNITED STATES DISTRICT JUDGE

20                    ENTERED ON 1/11/99

==============================================================

DEFENDANT: NICOLE LYNNE MARCELLUS  `                    Judgment Page 2  of 5
CASE NUMBER: 98CR2795-IEG

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of __time served__

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this
    district at          a.m./p.m. on _____
        ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution
        designated by the Bureau of Prisons
        ___ on or before
        ___ as notified by the United States Marshal.
        ___ as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

Defendant delivered on _____ to _____
_____,with a certified copy of this judgment.

                                            UNITED STATES MARSHAL

                                        BY_____
                                                DEPUTY MARSHAL

AO 245B (Rev 3/95) Sheet 3 - Supervised Release
=============================================================================
DEFENDANT: NICOLE LYNNE MARCELLUS                JUDGMENT PAGE 3   TO 5
CASE NUMBER: 98CR2795-IEG

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

>   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.
>
>   __X_ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

_X_ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.  (Check, if applicable.)

>   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page (if indicated below).

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distribute or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

```
AO 245B (Rev 3/95) Sheet 3 - Supervised Release
================================================================================
DEFENDANT: NICOLE LYNNE MARCELLUS                    JUDGMENT PAGE 4 TO 5
CASE NUMBER: 98CR2795-IEG
```

## SPECIAL CONDITIONS OF SUPERVISION

_X_ 200 hours of community service as directed by the probation officer to be completed within the first 2 years of supervised release.

_X_ Not possess firearms, explosive devices, or other dangerous weapons.

_X_ Submit to a search of person, property, residence, abode or vehicle at a reasonable time and in a reasonable manner by the Probation Officer.

_X_ Prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the Probation Officer.

_X_ Provide complete disclosure of personal and business financial records to the Probation Officer.

_X_ Participate in a program of mental health treatment if directed by the Probation Officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the Probation Officer.

_X_ Not work in any position where you have access to employer or client funds, unless you inform the employer of your conviction.

```
AO 245 S  RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT
==============================================================================
DEFENDANT:  NICOLE LYNNE MARCELLUS                    JUDGMENT PAGE 5  OF 5
CASE NUMBER: 98CR2795-IEG
```

## RESTITUTION, FORFEITURE, OR
## OTHER PROVISIONS OF THE JUDGMENT

**IT IS ORDERED** that the defendant shall pay restitution in the amount of $5,306.13 without interest, due immediately or through the Inmate Financial Program, and any remaining balance shall be paid pending supervised release. $2,800 to be paid Wells Fargo Bank, $2,506.13 to be paid to Bank of America.